660

[Crim. No. 2460.   Second Appellate District, Division Two.—April 3, 1934.]

THE PEOPLE, Respondent, v. BURLING CAMPBELL, Appellant.

Frederic H. Vercoe for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—Defendant appeals from a judgment of conviction on each of two counts in an information charging him with the crime of incest.

As a ground for reversal of the judgment he asserts: "The trial court erred in limiting the cross-examination by appellant of the prosecuting witness and thereby prejudiced the substantial rights of the appellant, denied to him a fair

and impartial trial and resulted in a miscarriage of justice."

The complaining witness is the fifteen year old daughter of defendant. As in most cases involving offenses of this character, evidence supporting the charge is mainly the testimony of the prosecuting witness.

It will serve no useful purpose to rehearse in detail the sordid story as told by the complaining witness. A motherless home, with a fifteen year old girl sleeping in the same bed with her father, furnishes a background for the tragedy which the record unfolds. In addition to the daughter's own story, a physician who examined the girl testified that in her opinion the prosecutrix had had sexual relations some time prior to the time of the examination.

■ The ruling of the trial court complained of by appellant occurred when the complaining witness was being interrogated by defendant's counsel relative to the first act of intercourse she had with defendant in Michigan about two years previous to the occurrences which formed the basis for the charges in the information. She stated that she first resisted her father's advances. When asked if she struck her father in making this resistance, the court refused to permit her to answer. Again, when being questioned as to her father's general treatment of her, after she had testified that, other than the acts of intercourse, her father had always been kind to her, she was asked: "Although you were poor he did all he could for you?" The objection to this question was sustained.

We observe no serious error in these rulings of the court. While both questions might be regarded as coming within the recognized bounds of cross-examination, the subject matter of both had been fairly covered by other questions and answers. Assuming that answers most favorable to defendant would have been given, we cannot see in what way the result would have been different.

■ The verdict of the jury and the denial of defendant's motion for a new trial indicate that both jury and judge believed the story as told by the girl. To the jury is first assigned the duty of determining the credibility of witnesses, and after conviction, upon motion for new trial, the trial judge is given the opportunity to weigh the evidence. When jury and judge have acted, this court must pre-

sume that the testimony which amply supports the charge was worthy of belief. The record discloses that defendant had a fair and impartial trial.

The judgment and order are affirmed.

Stephens, P. J., and Craig, J., concurred.